```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

CHRISTOPHER WILSON and
NICHOLAS WILSON,

    Plaintiffs

v.                                          CIVIL ACTION NO. 2:05-0661

DEPUTY TIMOTHY JARRELL and
DEPUTY CHRIS RUNYON and
DEPUTY CLIFTON SCOTT and
OTHER UNKNOWN DEPUTY SHERIFF OFFICERS and
LINCOLN COUNTY SHERIFF'S DEPARTMENT and
LINCOLN COUNTY COMMISSION,

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending is plaintiffs' motion for leave to serve defendant Clifton Scott outside the 120 day time period for service, filed February 9, 2006.

Plaintiffs have made two deficient attempts to serve defendant Scott, both within the 120 day time period. (Pl.'s Mot. at 4). Although he has not been properly served to date, plaintiffs contend defendant Scott has received a copy of the complaint, along with a form for waiver of service. (Id. at 4-5). Plaintiffs were apparently under the mistaken impression that defendant Scott would execute a voluntary waiver of formal service. (Id.)

The 120 day period for service elapsed on December 15, 2005. Defendant Scott, by special appearance, points out that plaintiffs first orally requested an extension of the 120 day period:

> fifty four (54) days after the expiration of the 120 days Plaintiffs had to properly serve Clifton Scott, thirty-one (31) days after Clifton notified Plaintiffs that sending a Waiver of Service of Process via certified mail did not equate into good service, and thirty (30) days after Plaintiffs' counsel acknowledged that Clifton Scott had not been properly served.

(Defs.' Resp. ¶ 24). As a consequence, defendant Scott contends plaintiffs have not satisfied the good cause standard found in Rule 4(m), Federal Rules of Civil Procedure.[1]

As defendant Scott points out, plaintiffs delayed in seeking an extension. The time line of events also reveals, however, plaintiffs' (1) early, mistaken impression concerning defendant Scott's willingness to waive formal service, and (2) determined efforts to make service, despite the deficiencies.

---

[1] Rule 4(m) provides pertinently that "[I]f the plaintiff shows good cause for the failure [to serve], the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Our court of appeals has applied the Rule as written. See Mendez v. Elliot, 45 F.3d 75 78-79 (4th Cir. 1995) ("Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause. . . . Whether the court acts before or after the deadline for service has passed . . . the court may only grant the extension for good cause.").

Based upon these circumstances, the court finds good cause to extend the period for service.

The court, accordingly, ORDERS that plaintiffs' motion for an extension be, and it hereby is, granted. The court further ORDERS that plaintiffs be, and they hereby are, required to make service upon defendant Scott no later than March 24, 2006.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: February 24, 2006

John T. Copenhaver, Jr.
United States District Judge